UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| **LEON PACKER**, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| **AUDUBON FINANCIAL GROUP, LLC, d/b/a AUDUBON FINANCIAL BUREAU, and ADAM D. MARCH, INDIVIDUALLY,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

resides in this district, and/or where Defendants transact business in this district.

**PARTIES**

4. Plaintiff, Leon Packer ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Snohomish, and City of Everett.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Audubon Financial Group, LLC, d/b/a Audubon Financial Bureau ("Audubon"), is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Audubon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Adam D. March ("Mr. March"), is an individual who is an owner of Audubon, and at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Upon information and good-faith belief, as an owner of Audubon, Mr. March was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

10. Upon information and good-faith belief, as an owner of Audubon, Mr. March was personally involved in the collection of Plaintiff's debt.

11. Upon information and good-faith belief, as an owner of Audubon, Mr. March was materially involved in the collection of Plaintiff's debt.

12. Upon information and good-faith belief, as an owner of Audubon, Mr. March materially participated in Audubon's debt collection activities.

13. Upon information and good-faith belief, as an owner of Audubon, Mr. March was involved in the day-to-day operations of Audubon's debt collection business.

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

14. Upon information and good-faith belief, as an owner of Audubon, Mr. March exercised control over the affairs of Audubon's debt collection business.

15. Upon information and good-faith belief, Mr. March created or approved the script used by Audubon's debt collector employees in leaving messages for consumers.

16. Mr. March is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Audubon.

18. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Audubon, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19. Audubon uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20. In connection with the collection of an alleged debt in default (the "Debt"), Audubon placed a call to Plaintiff's cellular telephone on September 11, 2012 at 4:25 P.M., and at such time, left the following voicemail message:

> This message is for Leon Packer.  This is Bonnie Jones contacting you on behalf of the offices of AFB and Associates in accordance with state and federal law in notifying you that my offices are pushing to file number […]5451 and I'm calling regards to in regards to information that our offices received in certain transactions issued by you in exchange for funds you received via bank wire into your bank account.  Unfortunately at this juncture I have to make a final decision on this issue today pursuing to the applicable loss of state uh Washington um I am providing you a final opportunity to resolve this issue to

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

> your benefit and under terms my number is 855-893-2463 extension 125.  If you do not want our firm to proceed further it is absolutely imperative that you make every effort to return this call it serves as a verbal (Inaudible).

21. In its September 11, 2012 voicemail message, Audubon failed to notify Plaintiff that the communication was from a debt collector.

22. In failing to disclose that the communication was from a debt collector, in its September 11, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to Plaintiff.

23. In its September 11, 2012 voicemail message, Audubon threatened to take an action that it did not intend to take by stating that Plaintiff had to return Audubon's call if Plaintiff "do not want our firm to proceed further," when upon information and good-faith belief, Audubon did not intend to take further action against Plaintiff.

24. In connection with the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone on September 12, 2012 at 4:35 P.M., and at such time, left the following voicemail message:

> My name is Melanie Jones with AFB and Associates.  I've received an affidavit of assignment complaint in reference to a civil judgment claim pertaining to Leon Packer.  The last four of your social is 1014 as of now we have not submitted your written order of execution against your name, social security number, or driver's license as of yet which leads me to deposition that we have upon this claim that we have within the next 48 business hours.  Failure to correspond with your formal statement upon this claim your affidavit will commence through your local summons division or jurisdiction of Snohomish County.  Also failure to comply will end in service of process to your place of employment.  In order to make court arrangements call me at 855-893-2463 extension 125.

25. In its September 12, 2012 voicemail message, Audubon failed to notify Plaintiff that the communication was from a debt collector.

26. In failing to disclose that the communication was from a debt collector, in its

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

September 12, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to Plaintiff.

27. In its September 12, 2012 voicemail message, Audubon falsely represented the legal status of Plaintiff's alleged debt by stating that Audubon "received an affidavit of assignment complaint in reference to a civil judgment claim pertaining to [Plaintiff]," when upon information and good-faith belief, there was no such complaint against Plaintiff.

28. In its September 12, 2012 voicemail message, Audubon threatened to take an action that it did not intend to take by stating that "failure to correspond with your formal statement upon this claim your affidavit will commence through your local summons division or jurisdiction of Snohomish County" and that "failure to comply will end in service of process to [Plaintiff's] place of employment," when upon information and good-faith belief, Audubon did not intend to take such actions.

29. In connection with the collection of the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone on September 20, 2012 at 11:38 A.M., and at such time, left the following voicemail message:

> This message is for Leon Packer. My name is Darnell Junior, calling with the offices of AFB. I'm calling to inform you of the service of process scheduled for next Wednesday. Please call me at 855-893-2463 extension 169 to provide your formal statement. I'm afraid to respond to verification of wages employment and also liquid assets to avoid this protocol please call me today at 855-893-2463 at extension 169. It is imperative that we speak with you immediately today before the close of business to take care of this time sensitive matter. Thank you.

30. In its September 20, 2012 voicemail message, Audubon failed to notify Plaintiff that the communication was from a debt collector.

31. In failing to disclose that the communication was from a debt collector, in its September 20, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff.

32. In its September 20, 2012 voicemail message, Audubon falsely represented the legal status of Plaintiff's alleged debt by stating that "service of process [was] scheduled," when upon information and good-faith belief, there was no such service of process scheduled.

33. In connection with the collection of the collection of the Debt, Audubon placed a call to Plaintiff's cellular telephone on October 18, 2012 at 9:06 A.M., and at such time, left the following pre-recorded voicemail message: "451 contact 1-855-666-1467 or have your legal representation contact us within a timely matter."

34. In its October 18, 2012 voicemail message, Audubon failed to notify Plaintiff that the communication was from a debt collector, and failed to disclose its true corporate or business name.

35. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its October 18, 2012 voicemail message, Audubon failed to meaningfully disclose its identity to Plaintiff.

36. Upon information and good-faith belief, it was not "imperative" that Plaintiff returned Audubon's calls, and Plaintiff did not need to make "court arrangements" with Audubon, as Audubon was placing routine collection calls, which continued over the course of a few weeks.

37. Therefore, in its September 11, 2012, September 12, 2012, September 20, 2012, and October 18, 2012 voicemail messages, Audubon conveyed a false sense of urgency to Plaintiff for the purpose of compelling Plaintiff to communicate with Audubon.

38. In its October 18, 2012 voicemail message, Audubon delivered a voicemail message to Plaintiff's cellular telephone using an artificial or pre-recorded voice.

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

39. Upon information and good-faith belief, Audubon placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

40. Audubon did not place any telephone calls to Plaintiff for emergency purposes.

41. Audubon did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

42. Upon information and good-faith belief, Audubon placed telephone calls to Plaintiff voluntarily.

43. Upon information and good-faith belief, Audubon placed telephone calls to Plaintiff under its own free will.

44. Upon information and good-faith belief, Audubon had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

45. Upon information and good-faith belief, Audubon intended to use an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

46. Upon information and good-faith belief, Audubon maintains business records that show all calls Audubon placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d(6)
### AUDUBON

47. Plaintiff repeats and re-alleges each and every factual allegation contained above.

48. Audubon violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692d(6)
### MR. MARCH

49. Plaintiff repeats and re-alleges each and every factual allegation contained above.

50. Audubon violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

51. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### AUDUBON

52. Plaintiff repeats and re-alleges each and every factual allegation contained above.

53. Audubon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

COMPLAINT - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MR. MARCH

54. Plaintiff repeats and re-alleges each and every factual allegation contained above.

55. Audubon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

56. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(5)
## AUDUBON

57. Plaintiff repeats and re-alleges each and every factual allegation contained above.

58. Audubon violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(5)
## MR. MARCH

59. Plaintiff repeats and re-alleges each and every factual allegation contained above.

COMPLAINT - 11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

60. Audubon violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

61. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692e(10)
### AUDUBON

62. Plaintiff repeats and re-alleges each and every factual allegation contained above.

63. Audubon violated 15 U.S.C. § 1692e(10) by using false representations or

COMPLAINT - 12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt; threatening to take an action that it did not intend to take; and conveying a false sense of urgency in attempting to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF 15 U.S.C. § 1692e(10)
### MR. MARCH

64. Plaintiff repeats and re-alleges each and every factual allegation contained above.

65. Audubon violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

66. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt

COMPLAINT - 13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**AUDUBON**

67. Plaintiff repeats and re-alleges each and every factual allegation contained above.

68. Audubon violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Audubon violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692e(11)
## MR. MARCH

69. Plaintiff repeats and re-alleges each and every factual allegation contained above.

70. Audubon violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

71. Mr. March is personally liable for Audubon's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Audubon's debt collection business, his responsibility for day-to-day supervision of Audubon's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of Audubon's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Mr. March violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XI
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### AUDUBON

72. Plaintiff repeats and re-alleges each and every factual allegation contained above.

73. Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Audubon violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Enjoining Audubon from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

    c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

    f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

74. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 13th day of December, 2012.

<u>s/Jon N. Robbins</u>
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMMPLAINT - 17

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com